IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE VANDUZEN, ) | |
| ) | |
| Plaintiff, ) | 2:09-cv-01237-GEB-GGH |
| ) | |
| v. ) | ORDER GRANTING DEFENDANT'S |
| ) | MOTION TO DISMISS |
| HOMECOMINGS FINANCIAL, OWNIT ) | PLAINTIFF'S COMPLAINT* |
| MORTGAGE SOLUTIONS, LITTON LOAN ) | |
| SERVICING, RJ BERRYESSA MORTGAGE ) | |
| RONNA JEAN BERRYESSA, CHANH ) | |
| NGUYEN, ) | |
| ) | |
| Defendants. ) | |

On July 17, 2009, Defendant Homecomings Financial filed a motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. For the following reasons, Defendant's motion is granted.

Plaintiff's allegations in her Complaint fail to comply with Federal Rule of Civil Procedure 8(a) which requires a pleading stating a claim for relief "contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a). Under Rule 8(d), "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).  Even if the factual elements of the claim are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  Id. at 1179.  Rule 8(d) "requir[es] each averment of a pleading to be simple, concise, and direct, . . . and is a basis for dismissal independent of Rule 12(b)(6)."  Id. (citing Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).

Even construed liberally, Plaintiff's Complaint fails to comply with Rule 8.  Plaintiff's Complaint fails to identify any cognizable role Homecomings played in the loan transaction.  The allegations against Homecomings in the Complaint are as follows:

- "Homecoming[s]. . . [is a] diversified financial marketing and services corporation engaged primarily in residential mortgage banking and related businesses."  (FAC ¶ 8.)
- "On April 2, 2009, a Qualified Written Request under RESPA was mailed to Defendant, Homecoming[s] Financial[,] which included a demand to rescind the loan under the provisions of TILA. Defendant Homecomings Financial has yet to provide a proper response."  (FAC ¶ 33.)

- "Homecoming[s]. . . engage[s] in the collection of debt within the meaning of the Rosenthal Act."  (FAC ¶ 60.)
- "Homecoming[s]. . . breached [its] duty to Plaintiff by [its] failure to perform acts in such a manner as to not cause Plaintiff harm."  (FAC ¶ 67.)
- "Homecomings. . . took payments to which they were not entitled, charged fees they were not entitled to charge and made otherwise authorized reporting to various credit bureaus wrongfully."  (FAC ¶ 68.)

Additionally, Plaintiff's Complaint fails to identify the nature of the loan at issue, the amount of the loan, the type of payments "taken" by Homecomings, the date of the payments, and amount of the payments.  The dates stated in the Complaint are inconsistent and appear to be incorrect.  See FAC ¶¶ 23, 31 (using 2006 and 2009 interchangeably).

Furthermore, Plaintiff's Complaint fails to allege each particular defendant's wrongful conduct.  Instead, Plaintiff's Complaint lumps all defendants together without specifying why each is being sued.  See, e.g., FAC ¶¶ 59-63 (alleging that "Defendants. . . engage in the collection of debt within the meaning of Rosenthal Act" and that "Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law . . . " then listing various types of acts that may violate the statute).  In other words, Plaintiff's Complaint fails to set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry, 84 F.3d at 1178.

Contributing to the lack of clarity in the Complaint are

1 | repeated references to a nationwide "scheme" "beginning in 1998" to
2 | "churn[] loans" and "artificially driv[e] up housing prices" (FAC ¶¶
3 | 18-21) without a sufficient explanation of the relevancy of these
4 | allegations to a claim in Plaintiff's Complaint. See also, Pl.'s
5 | Opp'n 5:10 ("Mortgage lending today no longer resembles Jimmy
6 | Stewart's 'It's a Wonderful Life.'"). For these reasons, Plaintiff's
7 | Complaint fails to satisfy the notice requirements of Rule 8(a)(2).

8 | Finally, Plaintiff's Complaint also fails to state a claim
9 | upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a
10 | complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
11 | detailed factual allegations, a plaintiff's obligation to provide the
12 | 'grounds' of his 'entitlement to relief' requires more than labels and
13 | conclusions, and a formulaic recitation of the elements of a cause of
14 | action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
15 | 555 (2007). Instead, the allegations in the complaint "must be enough
16 | to raise a right to relief above the speculative level." Id.

17 | Here, Plaintiff's Complaint merely recites the elements of
18 | the claims pursued without providing the grounds of entitlement to
19 | relief. For example, Plaintiff's fraud claim alleges only:

- "Defendants. . . have made several representations to Plaintiff with regard to material facts." (FAC ¶ 90.)
- "These material representations made by Defendant were false." (FAC ¶ 91.)
- "Defendants knew these material representations were false when made. . . ." (FAC ¶ 92.)
- "Defendants intended that Plaintiff rely on these material representations." (FAC ¶ 93.)

- "Plaintiff reasonably relied on said representations." (FAC ¶ 94.)
- "As a result of Plaintiff's reliance, she was harmed and suffered damages." (FAC ¶ 94.)

Plaintiff's "formulaic recitation of the elements of a cause of action" fail to state viable claims, and does not satisfy Rule 9(b)'s heightened pleading standard for fraud claims. (FAC ¶¶ 64-69.)

Plaintiff's remaining claims are similarly inadequate. Plaintiff's negligence claim fails to identify a duty Homecomings owed. (FAC ¶¶ 64-69.) Plaintiff's RESPA claim fails to indicate to whom the qualified written request was addressed, the subject matter of the request, and the basis for the dispute regarding the amount of the loan. (FAC ¶¶ 70-77.) Plaintiff's breach of implied covenant of good faith and fair dealing claim fails to allege the existence of any specific contract; thus, speculation is required concerning to what Plaintiff refers in her breach of contract allegations. (FAC ¶¶ 108-117.) Lastly, Plaintiff's "California Rosenthal Act" claim lacks any factual basis, and merely lists examples of acts that may constitute violation of the statute. (FAC ¶¶ 59-63.)

Therefore, Defendant's motion to dismiss is GRANTED; Plaintiff's Complaint is dismissed. However, Plaintiff is granted ten (10) days from the date on which this Order is filed within which to file a second amended complaint curing any deficiency in a claim addressed above.

Dated: October 6, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

- "Plaintiff reasonably relied on said representations." (FAC ¶ 94.)
- "As a result of Plaintiff's reliance, she was harmed and suffered damages." (FAC ¶ 94.)

Plaintiff's "formulaic recitation of the elements of a cause of action" fail to state viable claims, and does not satisfy Rule 9(b)'s heightened pleading standard for fraud claims. (FAC ¶¶ 64-69.)

Plaintiff's remaining claims are similarly inadequate. Plaintiff's negligence claim fails to identify a duty Homecomings owed. (FAC ¶¶ 64-69.) Plaintiff's RESPA claim fails to indicate to whom the qualified written request was addressed, the subject matter of the request, and the basis for the dispute regarding the amount of the loan. (FAC ¶¶ 70-77.) Plaintiff's breach of implied covenant of good faith and fair dealing claim fails to allege the existence of any specific contract; thus, speculation is required concerning to what Plaintiff refers in her breach of contract allegations. (FAC ¶¶ 108-117.) Lastly, Plaintiff's "California Rosenthal Act" claim lacks any factual basis, and merely lists examples of acts that may constitute violation of the statute. (FAC ¶¶ 59-63.)

Therefore, Defendant's motion to dismiss is GRANTED; Plaintiff's Complaint is dismissed. However, Plaintiff is granted ten (10) days from the date on which this Order is filed within which to file a second amended complaint curing any deficiency in a claim addressed above.

Dated: October 6, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge