IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENEE VANDUZEN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-01237-GEB-GGH |
| | ) | |
| v. | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| HOMECOMINGS FINANCIAL; OWNIT MORTGAGE SOLUTIONS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RJ BERRYESSA MORTGAGE; RONNA JEAN BERRYESSA; CHANH NGUYEN, | ) ) ) ) ) | MOTION TO DISMISS[*] |
| | ) | |
| Defendants. | ) | |

Defendants Homecomings Financial LLC ("Homecomings") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed a motion to dismiss Plaintiff's Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted and Rule 9(b) for failure to plead fraud with sufficient particularity. Plaintiff's claims concern a refinanced loan she obtained on her residential property.

**I. Legal Standard**

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D.
2  Cal. Oct. 22, 2009). A pleading must contain "a short and plain
3  statement of the claim showing that the pleader is entitled to relief
4  . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the
5  defendant fair notice of what the [plaintiff's] claim is and the
6  grounds upon which relief rests . . . ." Bell Atlantic Corp. v.
7  Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers
8  labels and conclusions or a formulaic recitation of the elements of a
9  cause of action will not do. Nor does a complaint suffice if it
10 tenders naked assertions devoid of further factual enhancement."
11 Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
12         To avoid dismissal, the plaintiff must allege "only enough
13 facts to state a claim to relief that is plausible on its face."
14 Twombly, 550 U.S. at 547. "A claim has facial plausibility when the
15 plaintiff pleads factual content that allows the court to draw the
16 reasonable inference that the defendant is liable for the misconduct
17 alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires
18 more than "a sheer possibility that a defendant has acted unlawfully."
19 Id. "When a complaint pleads facts that are merely consistent with a
20 defendant's liability, it stops short of the line between possibility
21 and plausibility of entitlement to relief." Id. (quotations and
22 citation omitted).
23         In evaluating a dismissal motion under Rule 12(b)(6), the
24 court "accept[s] as true all facts alleged in the complaint, and
25 draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd
26 v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither
27 conclusory statements nor legal conclusions are entitled to a
28 presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.

Defendants request that judicial notice be taken of the August 25, 2006 Deed of Trust, which is publicly recorded in the Official Records of Sacramento County. (Request for Judicial Notice ("RJN") Ex. A.) "[A]s a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion[,] . . . [however,] it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted). Exhibit A is publicly recorded and may be considered in deciding Defendants' dismissal motion.

## II.   Plaintiff's Factual Allegations

In July 2006, Plaintiff Renee Vanduzen sought to refinance her residential property located at 203 Cedar Rock Circle in Sacramento County, California. (SAC ¶ 25; RJN Ex. A.) Plaintiff met with RJ Berryessa Mortgage loan officer Chanh Nguyen ("Nguyen"), who informed Plaintiff he could get her the "best deal" and the "best interest rates" available on the market. (SAC ¶ 26.) "Plaintiff's FICO score was not sufficient to obtain a loan under standard underwriting guidelines," so Nguyen offered to "fix" Plaintiff's credit score for a $1,500 fee, which Plaintiff paid. (Id. ¶ 27.) Nguyen assured Plaintiff "he would obtain for her a fixed rate loan at [a] 7% interest rate." (Id. ¶ 29.) "Nguyen further assured Plaintiff that her payments would be approximately $1,400[] per month." (Id.) "Nguyen actually sold Plaintiff a residential mortgage loan to refinance her [p]roperty totaling $297,000[]." (Id. ¶ 30.) The loan included an interest rate which adjusted from 8.5% to 14.5% and carried an initial monthly payment of $2,151.33. (Id.) Nguyen

3

1 informed Plaintiffs that if the loan ever became unaffordable, he
2 would refinance the loan. (SAC ¶ 32.)
3    Plaintiff was not given a copy of the loan documents prior
4 to closing as required, and at the time of closing, Plaintiff was
5 rushed to sign the documents. (Id. ¶ 34.) The loan documents were
6 never explained to Plaintiff, Plaintiff was never given an opportunity
7 to review them, and Plaintiff never received the required copies of
8 the notice of cancellation. (Id.)
9    On August 21, 2006, Plaintiff completed the loan
10 transaction. (Id. ¶ 36.) The terms of the loan were memorialized in
11 a promissory note, which was secured by a deed of trust. (Id.) The
12 deed of trust identified First American Title Company as trustee and
13 Defendant Ownit Mortgage Solutions, Inc. as lender. (Id.) The Deed
14 of Trust also identified MERS as beneficiary and nominee for the
15 lender and the lender's successors and assigns. (SAC ¶ 37.)
16 Plaintiff alleges MERS is "engaged in the business of holding title to
17 mortgages." (Id. ¶ 10.)
18    On or about November 1, 2006, Homecomings began demanding
19 mortgage payments. (Id. ¶ 38.) The payments demanded ranged from
20 $2,151.33 to $2,258.89. (Id. ¶ 39.) The balance of the mortgage has
21 risen to $307,000. (Id.)
22    Plaintiff sent a Qualified Written Request ("QWR") to
23 Homecomings pursuant to the Real Estate Settlement Procedures Act
24 ("RESPA") on April, 2009, in which Plaintiffs demanded rescission of
25 the loan under the Truth in Lending Act. (Id. ¶ 40.) Homecomings has
26 yet to respond to the QWR. (SAC ¶ 40.)
27 //
28 //

4

1 Plaintiff alleges the following five claims against
2 Homecomings: (1) violation of the California Rosenthal Act, Cal. Civil
3 Code §§ 1788 *et seq.*; (2) negligence; (3) violation of RESPA, 12
4 U.S.C. §§ 2601, *et seq.*; (4) fraud; and (5) violation of the
5 California Business and Professions Code, Cal. Civ. Code §§ 17200, *et*
6 *seq.*. Plaintiff alleges the following three claims against MERS: (1)
7 negligence; (2) fraud; and (3) violation of the California Business
8 and Professions Code, Cal. Civ. Code §§ 17200, *et seq*.

### III.  Discussion

**A.  Plaintiff's California Rosenthal Act Claim**

Defendants argue Plaintiff's first claim for violation of the California Rosenthal Act should be dismissed since "none of the activities are identified with factual specificity," "the claim is time-barred," and "Plaintiff has not made any allegation establishing that Homecomings is a debt collector under the Act." (Defs.' Mot. to Dismiss ("Mot.") 4:16-5:20.) Plaintiff rejoins the claim is not time-barred and she has sufficiently pleaded her claim. (Plt.'s Opp'n to Mot. ("Opp'n") 11:3-12:2.)

The Rosenthal Act serves to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006) (citing Cal. Civ. Code § 1788.1) (emphasis omitted).

Plaintiff's SAC alleges Homecomings "is a debt collector within the meaning of the Rosenthal Act in that they regularly, in the course of their business . . . engage in the collection of debt." (SAC ¶ 74.) Plaintiff also alleges Homecomings "used unfair and

1  unconscionable means to collect a debt not owed to [Homecomings] by
2  sending deceptive letters and making phone calls to Plaintiff
3  demanding payment." (SAC 74-75.) Plaintiff further alleges
4  "Homecomings made false reports to credit agencies about Plaintiff's
5  credit standing, falsely increasing the amount of Plaintiff's mortgage
6  debt, falsely stating that a debt was owed to [Homecomings], and
7  falsely stating Plaintiff's payment history." (SAC ¶ 76.) Finally,
8  Plaintiff alleges "Homecomings increased the amount of Plaintiff's
9  mortgage debt by stating amounts not permitted by law or contract,
10 including but not limited to, inspection fees, excessive service fees,
11 attorneys' fees, and late charges." (SAC ¶ 77.)
12         Defendants have failed to show how these allegations are
13 insufficient to state a claim under the Rosenthal Act. Plaintiff has
14 alleged Homecomings is a debt collector under the statute and has
15 identified specific acts Homecomings allegedly committed in violation
16 of the statute. Further, Defendants have not shown that the claim is
17 barred by the one-year statute of limitations. Plaintiff alleges she
18 "remitted payments demanded by [Homecomings] from November 1, 2006 to
19 *present*." (SAC ¶ 39 (emphasis added).) California courts have held
20 that a Rosenthal Act suit is timely, "if the action is filed within
21 one year of the most recent violation and the entire course of conduct
22 is at issue." Komarova v. National Credit Acceptance, Inc., 175 Cal.
23 App. 4th 324 (2009) (brackets and quotations omitted). Defendants
24 have failed to show Plaintiff's allegations do not meet this test.
25 Therefore, Defendants' motion to dismiss Plaintiff's Rosenthal Act
26 claim is denied.
27 //
28 //

**B.   Plaintiff's Negligence Claim**

Defendants argue Plaintiff's negligence claim should be dismissed as to Homecomings since "a lender owes no duty of care to a plaintiff" and "[t]here is no allegation that Homecomings was even a lender." (Mot. 5:5, 18-19.) However, Plaintiff alleges Homecomings was the servicer of the loan, not the lender. Defendants' conclusory argument fails to show how Plaintiff's negligence claim is insufficient as to Homecomings. Accordingly, this portion of Defendants' dismissal motion is denied.

Defendants also argue Plaintiff's allegations as to MERS "are simply senseless" since Plaintiff alleges MERS both "has no legitimate connection with her loan" and that "MERS breached its duty to perform administrative functions regarding the transfer of Plaintiff's loan." (Mot. 6:20-23.) However, Defendants fail to cite authority supporting their conclusory argument that these allegations render Plaintiff's negligence claim "senseless." Therefore, Defendants' motion to dismiss Plaintiff's negligence claim as to MERS is denied.

**C.   Plaintiff's RESPA Claim**

Defendants argue Plaintiff's RESPA claim should be dismissed since Plaintiff's allegation that she sent Homecomings a QWR is "conclusory," "does not say anything about the content other than that it was a demand for rescission," and because "Plaintiff does not allege that the loan was a federally related mortgage loan" or that "Homecomings was a servicer with a duty to respond." (Mot. 6:24-7:7.) However, Plaintiff has alleged the contents of the QWR, including:

> The QWR . . . identified the loan in question, a statement of the reasons for Plaintiff's belief that the account was in error due to the fraud at

```
            the inception of the loan, improper charges added
            to the loan, the improper increase in the principal
            balance of Plaintiff's loan, and requested specific
            servicing-related   information   from   Defendant
            Homecomings.
```

(SAC 93.)  Defendants do not address these allegations in their dismissal motion.  Further, Defendants provide no authority supporting their argument that alleging the loan at issue is a federally-related mortgage loan is a pleading requirement.  Since Defendants have failed to show how Plaintiff's RESPA claim is deficient, their motion to dismiss Plaintiff's RESPA claim is denied.

**D.   Plaintiff's Fraud Claim**

Defendants seek dismissal of Plaintiff's fraud claim, arguing "Plaintiff has not made . . . particular allegations" as required by Rule 9(b).  Defendants also argue "Plaintiff does not make any factual allegation of how she relied on any representations." (Mot. 7:26-27.)  Plaintiff responds she has pleaded her fraud claim with sufficient particularity.  (Opp'n 13:7-14:21.)

The elements of a fraud claim under California law are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996).  A claim for fraud in federal court, however, must satisfy Rule 9(b)'s particularity requirements.  See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.  The complaint must specify such facts as the times, dates, places, benefits

received, and other details of the alleged fraudulent activity." <u>Neubronner v. Milken</u>, 6 F.3d 666, 671-72 (9th Cir. 1993) (quotations and citations omitted).

Plaintiff alleges "Defendant Homecomings misrepresented to Plaintiff that [it] has the right to collect monies from Plaintiff on its behalf or on behalf of others when [it] had no legal right to collect such monies." (SAC ¶ 117.) Plaintiff further alleges

> MERS represented to Plaintiff on the Deed of Trust that it is a qualified beneficiary with the ability to assign or transfer the Deed of Trust and/or the Note and/or the substitute trustees under the Deed of Trust. Further, Defendant MERS misrepresented that it followed the applicable legal requirements to transfer the Note and Deed of Trust to subsequent beneficiaries.

(<u>Id.</u> 118.) However, the SAC does not include the "necessary particulars," including "*when* the false representations were made, *where* these representations were made, *what* specifically was stated or represented that is false, and *why* each alleged misrepresentation is actually false." <u>Jensen v. Quality Loan Service Corp.</u>, -- F. Supp. 2d ---, 2010 WL 1136005, at *6 (E.D. Cal. 2010) (emphasis in original). Additionally, Plaintiff has failed to allege that Homecomings and MERS each specifically had knowledge that these misrepresentations were false and made with the intention of Plaintiff relying on the misrepresentations. <u>Id.</u> at *7 (finding "Plaintiff must allege facts relating to each element of fraud as to" each defendant, "including . . . intent to induce reliance and . . . actual reliance"). Since Plaintiff has failed to comply with the pleading requirements of Rule 9(b), Defendants' motion to dismiss Plaintiff's fraud claim is granted.

//


**E.   Plaintiffs' California Business & Professions Code § 17200 Claim**

Lastly, Defendants seek dismissal of Plaintiff's claim under California Business & Professions Code § 17200 *et seq.* (the "UCL"), arguing since "all of her other claims in the Complaint fail . . .[,] the UCL claim also fails." (Mot. 8:11-13.) However, Plaintiff's Rosenthal Act, negligence, and RESPA claims survive Defendants' motion. Defendants have not shown why Plaintiff's UCL claim should otherwise fail, and therefore this portion of their dismissal motion is denied.

**V.   Conclusion**

For the stated reasons, Plaintiff's fraud claim is dismissed as to Defendants Homecomings and MERS. The remainder of the motion is denied. Plaintiff is granted leave to amend her fraud claim, provided that the amended complaint is filed within fourteen (14) days of the date on which this order is filed.

Dated:  May 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge